NOT FOR PUBLICATION (Doc. No. 18)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| JOHN FARLEY, JAMAR McGHEE, and HAKANA OZDINCER, *on behalf of themselves and all others similarly situated*, | : : : : : |
| Plaintiffs, | : Civil No. 12-4734 (RBK/JS) |
| v. | : **OPINION** |
| GAMESTOP CORP., GAMESTOP, INC., | : : : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of GameStop Corp. and GameStop, Inc. (collectively, "Defendants") to dismiss the putative class action complaint of John Farley, Jamar McGhee, and Hakana Ozdincer (collectively, "Plaintiffs"). In their Complaint, Plaintiffs allege that Defendants violated the New Jersey Consumer Fraud Act ("CFA") with their methods of selling pre-owned video games. Plaintiffs also assert a claim for unjust enrichment. Defendants move to dismiss Plaintiffs' Complaint, arguing that Plaintiffs lack standing, failed to plead their fraud claim with the requisite particularity, and generally have failed to state a cognizable legal claim. For the reasons stated below, Defendants' motion to dismiss is **DENIED**.

I.      FACTS AND PROCEDURAL HISTORY

Defendants are a retail company that sells pre-owned video games for lower prices than new video games. Second Am. Compl. ¶ 32. In their stores, Defendants clearly display pre-owned video games under a large "Pre-owned" sign. *Id.* at ¶ 72.

Between May 1, 2010 and November 10, 2010, Plaintiffs McGhee and Ozdincer purchased pre-owned video games from Defendants. *Id.* at ¶ 101. On January 24, 2011, Plaintiff Farley purchased a pre-owned video game from Defendants. *Id.* at ¶ 100. Though Plaintiffs believed that their pre-owned video games would include all of the content of a new video game, Plaintiffs' purchases did not include the downloadable content ("DLC") available for their video games. *Id.* at ¶¶ 100, 101, 48. DLC is "extra game characters, levels, maps, screens, weapons, adventure scenarios" and the ability to play online, all of which enhance gameplay. *Id.* at ¶ 22, 78, 17. DLC is downloaded using a single-use serial code provided by a video game's manufacturer. *Id*. at ¶¶ 20, 25. A DLC serial code is included in the purchase of a new video game and the video game boxes from the manufacturer advertise that DLC is available. *Id.* at ¶¶ 24, 23. However, by virtue of the code being single-use, pre-owned video games do not include a DLC serial code. *Id.* at ¶ 26.

Plaintiffs allege that DLC is an integral feature of video games and that because of Defendants' deceptive practices, Plaintiffs actually spent more, rather than saving money, by purchasing pre-owned. *Id.* at ¶¶ 17, 100, 101. Plaintiffs McGhee and Ozdincer paid $45 for their video games. *Id.* at ¶ 101. At a later, unspecified time, Plaintiffs McGhee and Ozdincer paid an additional $15 for the DLC for their video games. *Id.* at ¶ 101. McGhee and Ozdincer's combined purchases of $60 exceeded the $59.95 cost of a new video game that includes DLC. *Id.* at ¶ 104. Plaintiffs assert that Defendants induced Plaintiffs to purchase pre-owned video

games with statements like, "our used game trade program creates value for customers." *Id.* at ¶ 39. Plaintiffs McGhee and Ozdincer also received store receipts that stated they "saved [dollar amount] buying Used!" *Id.* at ¶ 101. Similarly, Plaintiff Farley's store receipt stated he "saved 12.00 buying Used!" *Id.* at ¶ 100.

In June 2012, Plaintiff Farley filed a putative class action complaint against Defendants in the Superior Court of New Jersey, Law Division, Burlington County. On July 27, 2012, Plaintiff Farley filed a First Amended Class Action Complaint. In August 2012, Defendants removed to federal court. On November 14, 2012, Plaintiff Farley filed a Second Amended Complaint, at which time Plaintiffs McGhee and Ozdincer joined the class.

## II.   DISCUSSION AND ANALYSIS

In support of their motion to dismiss, Defendants first argue that the facts alleged by Plaintiffs are not sufficient to establish an injury-in-fact and that Plaintiffs therefore lack standing to sue. Defs.' Br. Mot. Dismiss 17. Defendants also argue that Plaintiffs McGhee and Ozdincer do not allege the dates of their purchases and therefore fail to plead their CFA claim with the requisite particularity mandated by Federal Rule of Civil Procedure 9(b). *Id.* at 24. Defendants further contend that Plaintiffs fail to state a claim for CFA violation or unjust enrichment because Plaintiffs cannot establish the necessary elements. *Id.* at 26, 29, 31, 32, 33-34. Finally, Defendants move the Court to dismiss Plaintiffs' request for declaratory or injunctive relief. *Id.* at 34.

Plaintiffs have standing to sue and have pled their CFA claim with the requisite particularity. Plaintiffs have also alleged sufficient facts to state each of the claims they assert. Therefore, the Court must deny Defendants' motion to dismiss.

A. **Standing to Sue and Failure to Allege Fraud with Particularity**

As a preliminary matter, Defendants challenge Plaintiffs' standing to sue and also argue that Plaintiffs fail to plead their fraud claim with particularity. Both of these arguments fail.

A plaintiff has standing to sue if the plaintiff suffered an injury-in-fact, the plaintiff's injury is fairly traceable to the defendants' conduct, and the plaintiff's injury is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Economic injury is a form of injury-in-fact. *Muse B. v. Upper Darby School Dist.*, 293 Fed.Appx. 133, 135 (3d Cir. 2008).

Plaintiffs clearly have standing to sue. Defendants unsuccessfully argue that Plaintiffs may have purchased pre-owned video games that did not include DLC in order to save money. However, this argument targets the merits of Plaintiffs' claims rather than Plaintiffs' standing to assert the claims. Defendants also contend that Plaintiff Farley did not purchase DLC and therefore did not spend more than he would have for a new video game that included DLC. This argument is similarly unsuccessful. A plaintiff need not spend money to correct defendant's errors to demonstrate a benefit-of-the-bargain loss under the CFA. *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 793 (N.J. 2005). Because Plaintiffs have adequately alleged that they suffered economic injuries, Plaintiffs have standing to sue.

Defendants also argue that Plaintiffs failed to plead their CFA claim with particularity as required by Federal Rule of Civil Procedure 9(b) because Plaintiffs McGhee and Ozdincer did not allege the exact dates of their purchases. Defs.' Br. Mot. Dismiss 24. A plaintiff is not required to allege a date, place, or time to meet Rule 9(b)'s heightened standards. Rule 9(b) requires a plaintiff to "plead with particularity the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged" exists to

4

"safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). Plaintiffs McGhee and Ozdincer allege that they purchased their pre-owned video games from Defendants between May 1, 2010 and November 10, 2010 and alleged purchasing the DLC for their video games at a later, unspecified time. Second Am. Compl. ¶ 101. The facts alleged by Plaintiffs inject sufficient precision to notify Defendants of the alleged misconduct forming the basis of Plaintiffs' complaint. Therefore, Plaintiffs' Complaint satisfies Rule 9's pleading requirements.

      B.      **New Jersey Consumer Fraud Act Claim**

Defendants next argue that Plaintiffs fail to plead facts sufficient to state a claim for CFA violation. The New Jersey Consumer Fraud Act ("CFA") prohibits any "unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise..." N.J. Stat. Ann. § 56:8-2 (1976). To establish a CFA claim, a plaintiff must allege: "(1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." *New Jersey Citizen Action*, 842 A.2d 174, 176. Defendants challenge Plaintiffs' ability to satisfy any of these elements.

            1.      *Unlawful Conduct by the Defendants*

To establish a CFA claim, Plaintiffs must identify some unlawful conduct by Defendants. Plaintiffs have satisfied this requirement because they have adequately alleged a knowing omission. A defendant can exhibit "unlawful conduct" in three different ways: "1) affirmative

misrepresentations in connection with the advertisement or sale of merchandise; 2) knowing omissions of material facts in connection with the advertisement or sale of merchandise; and 3) violations of administrative regulations promulgated pursuant to N.J.S.A.:8-4." *Talalai v. Cooper Tire & Rubber Co.*, 823 A.2d 888, 897 (N.J. Super. Ct. Law Div. 2001).[1]  Defendants argue that Plaintiffs fail to establish an affirmative misrepresentation because Plaintiffs do not allege that Defendants made any false statement.  Def.'s Br. Mot. Dismiss 26.  Defendants also contend that Plaintiffs fail to establish a knowing omission because Plaintiffs were informed by language on the boxes of the video games and in store signage that DLC may require an additional purchase.  *Id.* at 28, 28-29.  Though Plaintiffs have not pled an affirmative misrepresentation,[2] Plaintiffs have sufficiently pled that Defendants made a knowing omission.

To establish a knowing omission, a plaintiff must demonstrate that a defendant: "(1) knowingly concealed (2) a material fact (3) with the intention that plaintiff rely upon the concealment." *Judge v. Blackfin Yacht Corp.*, 815 A.2d 537, 541 (N.J. Super. Ct. App. Div. 2003).  Plaintiffs allege that Defendants were aware of material information, that DLC was not included with the purchase of pre-owned games, but did not reveal this fact to Plaintiffs.  *See* Second Am. Compl. ¶¶ 17, 55, 77, 48, 49.  Plaintiffs further allege that Defendants knew that a large percentage of pre-owned video game purchasers would want DLC and made statements such as: "our used game trade program creates value for customers" and "You saved [dollar

---

[1] Neither party disputes that the third avenue is not applicable, as Defendants clearly did not violate an administrative regulation promulgated pursuant to N.J.S.A.:8-4.

[2] A defendant has made no affirmative misrepresentation if the defendant made no false statement.  *See Mango v. Pierce-Coombs*, 851 A.2d 62, 69 (N.J. Super. Ct. App. Div. 2004) (quoting *Ji v. Palmer*, 755 A.2d 451 (N.J. Super. Ct. App. Div. 2000).  Plaintiffs argue that the language on their receipts stating Plaintiffs "saved [dollar amount] buying Used!" is an affirmative misrepresentation because Defendants did not inform Plaintiffs that an additional DLC purchase would render the pre-owned video game more expensive than a new video game.  Pl.'s Opp. Mot. Dismiss 14-15.  Plaintiffs do not establish that Defendants made a false statement because Plaintiffs did pay less for pre-owned video games than new video games.  Plaintiffs do not allege, for instance, that Defendants told them their pre-owned video game purchase would include DLC when, in fact, it did not.  Thus, Plaintiffs fail to plead an affirmative misrepresentation.

6

amount] buying Used!" to induce purchasers to buy pre-owned.  Second Am. Compl. ¶¶ 39, 42, 55, 58.  Under these allegations, Plaintiffs have plausibly stated a knowing omission.[3]

Defendants attempt to counter with contradictory factual allegations, maintaining that Plaintiffs were informed that DLC might require an additional purchase by language on the video game boxes and in store signage.  However, "[i]n considering a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), this Court is limited to a consideration of the contents of the Complaint."  *Marjac, LLC v. Trenk*, No. 06-1440, 2006 WL 3751395, at *12 (D.N.J. 2006).  Consequently, the Court cannot consider these allegations at this stage in the litigation.

### 2. *Ascertainable Loss*

Plaintiffs must also allege that they suffered an ascertainable loss.  An ascertainable loss is either an "out-of-pocket loss or a demonstration of loss in value" that is quantifiable.  *Thiedemann*, 872 A.2d 783, 792.  A plaintiff may prove a loss in value, among other methods, by demonstrating that he or she did not receive the benefit of their bargain.  *See Smajlaj*, 782 F.Supp.2d 84, 99.  A plaintiff does not receive the benefit of their bargain if "he purchased something and received 'less than what was promised.'"  *Marcus v. BMW of North America, LLC*, 687 F.3d 583, 606 (3d Cir. 2012) (quoting *Union Ink Co., Inc. v. AT&T Corp.*, 801 A.2d 361 (2002)).  To adequately plead a "benefit-of-the-bargain" loss in value, a plaintiff must allege "(1) a reasonable belief about the product induced by a misrepresentation; and (2) that the

---

[3] As an aside, Plaintiffs' factual allegations are analogous with conduct courts have deemed sufficient to establish a knowing omission in prior cases.  *See Mickens v. Ford Motor Co.*, 900 F.Supp.2d 427, 441 (D.N.J. 2012) ("Ford knowingly concealed the galvanic corrosion defect from Mickens and the class members with the intent that they rely on the absence of such information when purchasing the affected vehicles"); *see also Harnish v. Widener University School of Law*, No. 2:12–cv–00608, 2013 WL 1149166, at *9 (D.N.J. March 20, 2013) (finding knowing omission where defendant allegedly made "numerous false representations and omissions of material facts" regarding the school's reputation and post-graduation outcomes "with the intent to deceive and fraudulently induce reliance by Plaintiffs and members of the Class").

difference in value between the product promised and the one received can be reasonably quantified." *Smajlaj*, 782 F.Supp.2d at 99.

Plaintiffs allege a benefit-of-the-bargain loss because Plaintiffs allege that they purchased pre-owned video games from Defendants expecting to also receive DLC. Second Am. Compl. ¶¶ 100, 101.[4] Plaintiffs suffered an ascertainable loss because, under their allegations, the cost of the pre-owned video game and additional DLC was actually higher than the cost for a new video game that includes DLC. Pl.'s Opp. Mot. Dismiss 14-15. Defendants contend that Plaintiffs fail to plead an ascertainable loss because Plaintiffs McGhee and Ozdincer did not allege that they purchased DLC specifically from Defendants and Plaintiff Farley does not even allege ever purchasing. Defs.' Br. Mot. Dismiss 31. However, to establish a benefit-of-the-bargain loss in value, a plaintiff need not spend money to correct defendant's errors. *Thiedemann*, 872 A.2d at 793. Therefore, it is inconsequential that Plaintiffs do not allege that they purchased DLC from Defendants.

### 3. *Causal Relationship*

Finally, Plaintiffs must demonstrate a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss. Plaintiffs' allegations clearly establish a causal nexus. Plaintiffs allege they purchased pre-owned video games from Defendants because they believed, based on Defendants' unlawful conduct, that DLC was included. Second Am. Compl. ¶¶ 58, 100, 101. As a result, Plaintiffs received less than they expected. *Id.* Plaintiffs

---

[4] Defendants again challenge Plaintiffs' allegations and argue that because Plaintiffs' pre-owned video games functioned as pre-owned video games are intended to, Plaintiffs suffered no ascertainable loss. The Court will similarly reject this argument.

have sufficiently alleged a causal nexus between the alleged act of consumer fraud and the damages sustained.[5]  Therefore, Plaintiffs have stated a plausible claim for violation of the CFA.

      **C.**      **Unjust Enrichment**

Plaintiffs have also asserted a claim for unjust enrichment.  Under New Jersey law, to establish a claim for unjust enrichment, a plaintiff must demonstrate that "(1) at plaintiff's expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it." *Adamson v. Ortho-McNeil Pharmaceutical, Inc.*, 463 F.Supp.2d 496, 505 (D.N.J. 2006).  Defendants argue that Plaintiffs did not plead unjust enrichment because Plaintiffs paid less for the pre-owned video games than they would have for a new video game.  D.'s Br. Mot. Dismiss 33-34.

Courts have typically recognized consumer unjust enrichment claims in two distinct scenarios.  First, a consumer may have a viable unjust enrichment claim when the retailer sells a defective product.  *See Rait v. Sears, Roebuck and Co.*, No. 08–2461, 2009 WL 250309, at *5 (D.N.J. Feb. 3, 2009) (finding viable unjust enrichment claim where plaintiff alleged that garage door opener was defective); *see also Harper v. LG Electronics USA, Inc.*, 595 F.Supp.2d 486, 491 (D.N.J. 2009) (allegations that plaintiffs purchased defective washing machines from defendant were sufficient).  Circumstances may also be unjust when a retailer makes a false statement in advertising the product.  *See Coyle v. Hornell Brewing Co.*, No. 08–02797, 2010 WL 2539386, at *5 (D.N.J. June 5, 2010) (defendants' claim that drink was "100% natural" in advertising sufficient for unjust enrichment); *see also Avram v. Samsung Electronics America,*

---

[5] Defendants argue that Plaintiffs have not established a causal nexus because Plaintiffs did not allege that they did not know DLC would require an additional purchase. However, Plaintiffs' Complaint explicitly states: "When Farley attempted to play his game on-line with other players, he discovered he could not do so and was forced to pay and did pay an additional fee to obtain the DLC that originally came with his game for free." Second Am. Compl. ¶ 100. The Complaint also alleges that Plaintiffs McGhee and Ozdincer were each a "victim of the deceptive statements and knowing omissions described herein. Each later paid an additional $15 fee to obtain the DLC for their used games." *Id.* at ¶ 101.

9

*Inc.*, No. 2:11–6973, 2:12–796, 2013 WL 3654090, at *21 (D.N.J. July 11, 2013) (allegations that plaintiff purchased a refrigerator from defendants that did not meet Energy Star efficiency standards as advertised were sufficient).

Plaintiffs' allegations suffice to establish unjust enrichment. Plaintiffs alleged that because the pre-owned video games were missing DLC, they did not "work in the same manner as a new copy of the same game" because "significant aspects of the original game... were not included...." Second Am. Compl. ¶¶ 76, 77. Plaintiffs essentially charge Defendants with knowingly selling a defective product. Therefore, Plaintiffs adequately pled unjust enrichment.[6]

### III.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **DENIED**. An appropriate order shall issue today.


Dated:  8/7/2013                                                            /s/ Robert B. Kugler
                                                                                         ROBERT B. KUGLER
                                                                                         United States District Judge

---

[6] Defendants also moved to dismiss Plaintiffs' claims for declaratory and injunctive relief. To be clear, Plaintiffs do not assert an independent cause of action, but instead also seek equitable relief for the CFA and unjust enrichment claims. Defendants have not provided a legal basis for striking this avenue of recovery on a motion to dismiss. Therefore, the Court will deny this portion of the motion. Defendants also appear to argue that Plaintiffs' request for equitable relief is moot because "current signs in the stores . . . fully disclose that additional purchases may be required to access DLC." Defs.' Br. Mot. Dismiss at 34. Again, the Court may not consider these new facts on a motion to dismiss. The Court is limited to the allegations of Plaintiffs' complaint.